UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| ROBERT MICHEAU, | ) |  |
|---|---|---|
|  | ) |  |
| Petitioner, | ) |  |
|  | ) |  |
| v. | ) | No. 3:14 CV 1773 |
|  | ) |  |
| SUPERINTENDENT, | ) |  |
|  | ) |  |
| Respondent. | ) |  |

## OPINION AND ORDER

Robert Micheau, a *pro se* prisoner, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging a prison disciplinary proceeding. (DE #4.) In WVD-14-01-0069, a hearing officer at the Wabash Valley Correctional Facility ("Wabash"), found Micheau guilty of a Class B207 offense, unauthorized use of an electronic device. (DE #8-3 at 1.) The hearing officer imposed sanctions including a loss of 45 days of earned credit time. (*Id.*) The charge was initiated on January 23, 2014, when Education Supervisor Karen Richards prepared a conduct report stating as follows:

> On this day at approximately 2:00 p.m. Offender Micheau was in the Law Library working at one of the LAN computers. I personally observed him playing Solitaire on the computer. This is a direct violation of the User Agreement, which all offenders must sign before having access to the computers. Offender Micheau did not deny that he was playing games on the computer. I will quote from page #1 of the User Agreement: "The WVCF Offender LAN information shall be used solely for the purpose of research or educational programs, and all other use or access is strictly forbidden including, but not limited to, personal or private use. That at no time shall a user access or attempt to access any unauthorized information or file without having the expressed authority to do so."

>Offender Micheau did not have permission or authority to access computer games.
>
>The User Agreement further states, "That if a user is found to be in violation of any of the above stated rules, he will be terminated from the Offender LAN system permanently, and will be accused of "Unauthorized alteration, use or possession of any electronic device, including, but not limited to: computers, computer software, cellular telephone, pager, PDA, computer disk, CD/DVD, recording tape (audio/video) or associated hardware." It goes on to state that the offender will be written up on a B207 conduct report.

(DE #8-1 at 1.)

On January 29, 2015, Micheau was notified of the charge and his rights when he was served with the conduct report and the notice of disciplinary hearing. (DE #8-2 at 1.) Micheau pleaded not guilty and requested a lay advocate and one was appointed. (*Id*. at 1 and 2.) He also indicated that he would "bring statements to the hearing" and did not request any physical evidence. (*Id*.)

A hearing officer conducted the disciplinary hearing on January 31, 2015, and found Micheau guilty of Class B offense 207. (DE #8-3 at 1.) The hearing officer relied on staff reports, Micheau's statement, the signed computer User Agreement, and the witness statement from the IOT LAN administrator. (*Id*.) Micheau's appeals were denied and this petition followed. (DE #8-4, 8-5.)

When prisoners lose earned time credits in a prison disciplinary hearing, they are entitled to certain protections under the Due Process Clause: (1) advance written notice of the charges; (2) an opportunity to be heard before an impartial decision maker; (3) an opportunity to call witnesses and present documentary evidence in defense when

consistent with institutional safety and correctional goals; and (4) a written statement by a fact finder of evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563 (1974). To satisfy due process, there must also be "some evidence" to support the hearing officer's decision. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 455 (1985).

Here, Micheau raises three claims in his petition: (1) the evidence was insufficient to find him guilty of the charge; (2) he was denied witness statements; and (3) he was denied equal protection.

First, Micheau contends that the evidence was insufficient to find him guilty of the charge. The standard for the disciplinary board to find an offender guilty is "some evidence." The "some evidence" test is not a demanding one. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985). "Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence." *Id.* "Instead, the relevant question is whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board." *Id.* at 455-56. A disciplinary determination will be overturned on the basis of insufficient evidence only if "no reasonable adjudicator could have found [the prisoner] guilty of the offense on the basis of the evidence presented." *Henderson v. United States Parole Comm'n*, 13 F.3d 1073, 1077 (7th Cir. 1994).

In this case, there is ample evidence in the record to support the conclusion reached by the hearing officer. The conduct report alone constitutes some evidence that

3

Micheau was using a computer in an unauthorized manner. *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (conduct report alone provided "some evidence" to support disciplinary determination). In fact, Micheau admitted using the LAN computer to play solitaire. (DE #8-1.) Nevertheless, Micheau believes that he cannot be found guilty of this offense because B207 only deals with "cell phones, cell phone chargers, and internet access." (DE #4 at 2.) Micheau is mistaken. Class B offense 207 prohibits the "[u]nauthorized alteration, use or possession of any electronic device, including, but not limited to, computer, computer software . . ." which includes "accessing computers [or] software . . . in such a manner not authorized by the Department of Correction . . . ." (DE #8-6 at 4.) It is undisputed that Micheau did not have permission to play Solitaire and that playing Solitaire was outside the scope of what he was permitted to do on the LAN computer. (DE #8-3 at 2.) Accordingly, B207 is the correct offense for his unauthorized use of the LAN computer.

Next, Micheau argues that his due process rights were violated because the LAN Administrator did not provide a complete witness statement, failing to answer all of his questions. A prisoner has a limited right to call witnesses and present evidence in his defense consistent with correctional goals and safety. *Wolff*, 418 U.S. at 566. A hearing officer may deny a witness or evidence request that threatens institutional goals or is irrelevant, repetitive, or unnecessary. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). Furthermore, due process only requires access to witnesses and evidence that are exculpatory. *See Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992) (due process

4

only requires production of "exculpatory" evidence); *see also Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996) ("exculpatory evidence" in this context means evidence that "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt"). The denial of the right to present evidence will be considered harmless unless the prisoner shows that the evidence could have aided his defense. *Jones v. Cross*, 637 F.3d 841, 847 (7th Cir. 2011); *Piggie*, 342 F.3d at 666.

Micheau submitted a request for a witness statement from the LAN Administrator, where he asked four questions. (DE #8-3 at 4.) The first two questions related to when the game software was placed on the computer and if an offender is capable of installing game software on the computer. (*Id.*) The LAN Administrator did not answer these questions, stating that they were irrelevant. (*Id.*) The last two questions were answered. Micheau argues that if the first two questions had been answered, the answers would show that he could not have installed the software on the LAN computer and, therefore, he would not have been found guilty. However, the LAN Administrator was correct: the answers to his first two questions are irrelevant. Micheau was not charged with altering or tampering with the computer. No matter the answer to those first two questions, the fact remains that he was using the computer in an unauthorized manner. Because the answers to his first two questions were not material, it can not be said that he was denied any due process in not receiving them.

Finally, Micheau claims his right to equal protection was violated because he was singled out for being banned for life from the use of computers. (DE #4 at 5.) However,

5

he did not raise this claim in his administrative appeals or at the disciplinary hearing. (DE #8-4, 8-5.) Micheau cannot raise it here for the first time. *Moffat v. Broyles*, 288 F.3d 978, 982 (7th Cir. 2002) (to exhaust a claim and preserve it for review, an inmate must present the claim during the administrative proceedings).

Not only is there sufficient evidence to find Micheau guilty of the charged offense, there has been no showing that he was deprived any due process along the way. Based on the record, there is sufficient evidence to find Micheau guilty of unauthorized use of a computer, constituting Class B offense 207, and Micheau has not made a showing that his due process rights were violated.

For the foregoing reasons, the petition (DE #4) is **DENIED**.

**SO ORDERED.**

Date: August 7, 2015

 s/ James T. Moody  
JUDGE JAMES T. MOODY  
UNITED STATES DISTRICT COURT